# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PAULA VICTORIA WHITING, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-cv-2670 (APM) |
| PAE LABAT-ANDERSON LLC, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

In this action removed from the District of Columbia Superior Court, *pro se* Plaintiff Paula Victoria Whiting seeks $15 million in damages from her former employer, Defendant PAE Labat-Anderson LLC. *See* Notice of Removal, ECF No. 1, Compl., ECF. No. 1-6 [hereinafter Compl.], at 1. She alleges that one of her former supervisors, Shirley Phelps, walked up behind her while she was typing at her desk, kissed her on top of her head, and groped her chest and stomach. *Id.* Defendant moves to dismiss on *res judicata* and statute of limitations grounds. For the reasons that follow, the court grants Defendant's motion.

Plaintiff's claim fails first and foremost because she already brought essentially the same challenge years ago and lost on the merits. In *Whiting v. Labat-Anderson, Inc.* (*Whiting I*), Plaintiff filed a Title VII sexual harassment claim against Labat-Anderson, Inc., the predecessor to Defendant,[1] based on the same incident at issue in this case. *See* 926 F. Supp. 2d 106 (D.D.C. 2013). The court granted Labat-Anderson's motion for summary judgment, finding that "the defendant took timely, appropriate, and reasonable action in response to the plaintiff's allegations

---
[1] *See* Def.'s Mot. to Dismiss Pl.'s Compl., ECF No. 2, Decl. of Bryant Snee, ECF No. 2-2, ¶ 4.

of harassment," and that there was no basis to impute liability for Ms. Phelps's actions to the company. *Id.* at 117–19.

The doctrine of *res judicata*, or claim preclusion, bars a subsequent lawsuit "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). Each of these four elements is met here. First, *Whiting I* involved the same claim or cause of action as the instant action because both cases stem from the same "nucleus of facts." *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004) (internal quotation marks omitted); *compare* Compl. (alleging that Shirley Phelps "walked up behind me while I was typing at my desk . . . kissed me on [t]op of my head . . . put her hands on my chest squeezed and playing with my chest . . . slid[] her hands to the bottom of my stomach" and "walked away" when Plaintiff "balled up my fist . . . ready to hit her"), *with Whiting I*, 926 F. Supp. 2d at 110 (describing Plaintiff's allegations that Ms. Phelps approached Plaintiff "while she was typing at her desk . . . grabbed the bottom of my stomach . . . started kissing on my cheek and on the top of my head . . . grabbing my chest . . . jiggling my chest," and that Ms. Phelps "took off running" when Plaintiff "turned to her with my fist").[2]

Second, *Whiting I* involved the same parties or their privies. Defendant is the successor to the defendant in *Whiting I*, and Plaintiff does not dispute that Defendant's interests were "adequately represented" by its predecessor in the original action. *See Polsby v. Thompson*, 201

---

[2] To the extent Plaintiff's Complaint describes a different incident than the one at issue in *Whiting I*, it is also precluded. The incident would have occurred prior to the end of her 90-day employment with Labat-Anderson and therefore could have been brought in *Whiting I*. *See* Compl. Ex. 1, at 10–11 (noting that Plaintiff's employment ended on September 30, 2008, and that Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") complaint on November 10, 2008); *see also Allen v. McCurry*, 449 U.S. 90, 94, 101 (1980) (explaining that *res judicata* precludes a party from relitigating issues that "could have been raised" in a prior action).

F. Supp. 2d 45, 48 (D.D.C. 2002) (discussing the requirements of privity); Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 5, at 1 (contending that "the new owners [bought] the company and all its problems that come along with it"). Third, *Whiting I* concluded with a final, merits judgment that the defendant was not liable for sexual harassment. *See* 926 F. Supp. 2d at 117–19; *see also* Order Granting Def.'s Mot. to Dismiss, Case No. 10-cv-898, ECF No. 39. Fourth, the *Whiting I* court properly possessed jurisdiction over the action. Therefore, *Whiting I* precludes Plaintiff's present lawsuit.

In addition, to the extent Plaintiff's sexual harassment claim is premised on D.C. law, her Complaint is untimely. The District of Columbia's anti-discrimination law requires a victim of discrimination to file an action "within one year of the unlawful discriminatory act," D.C. Code § 2-1403.16, and the alleged discriminatory act here took place more than eleven years ago, on August 11, 2008, *see* Compl. Ex. 1, at 5. Plaintiff identifies nothing that would have tolled the statute of limitations for the past ten years; thus, her Complaint is time-barred.

Therefore, the court grants Defendant's Motion to Dismiss, ECF No. 2. A final, appealable order accompanies this Memorandum Opinion.

Dated: November 22, 2019

Amit P. Mehta
United States District Court Judge